UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MANUEL ARIAS,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br><br>B.O.P. OF NEVADA, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 3:20-cv-00242-MMD-WGC<br><br>ORDER |

**I.　SUMMARY**

This is a habeas corpus action under 28 U.S.C. § 2254. The Court had directed Petitioner Manuel Arias to pay the filing fee, which he has done. Currently before the Court is the petition for writ of habeas corpus ("Petition") (ECF No. 1-1). The Court now has reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Petition is without merit on its face, and the Court denies the Petition.

**II.　BACKGROUND**

Arias is convicted of manslaughter, and he has been sentenced to life imprisonment with eligibility for parole starting after 10 years. Arias challenged the validity of the judgment of conviction in *Arias v. McDaniel*, Case No. 3:02-cv-00454-DWH-VPC. In that action, the Court found the Petition to be too vague, and the Court directed Arias to file an amended petition. Arias did not file an amended petition in the allotted time, and the Court dismissed the action without prejudice.

In the current action, Arias does not challenge the validity of the judgment of conviction. He challenges the validity of the denial of parole.

///

### III. DISCUSSION

#### A. Ground 1 is without merit

In ground 1, Arias cites *Zadvydas v. Davis*, 533 U.S. 678 (2001),[1] to argue that indefinite detention violates substantive due process rights. However, *Zadvydas* involved an alien subject to removal from the United States who effectively was held indefinitely under 8 U.S.C. § 1231(a)(6) because no country would take him. Arias is imprisoned for life, with eligibility for parole, because he was convicted of a crime, and the Court presumes that the judgment of conviction is valid. *Zadvydas* is inapplicable to Arias' case.

Arias also argues that he has a constitutionally protected liberty interest in parole. He does not. *Moor v. Palmer*, 603 F.3d 658, 662-63 (9th Cir. 2010); *see also* NRS § 213.10705 (parole is an act of legislative grace, and no person has a right to be released on parole).

Ground 1 is without merit on its face. Reasonable jurists would not find this conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability for ground 1.

#### B. Ground 2 is without merit

In ground 2, Arias alleges that the parole board did not consider the circumstances and facts in his parole hearing, then his request for reconsideration was denied. Again, Arias does not have a constitutionally protected liberty interest in parole. *Moor*, 603 F.3d at 662-63. To the extent that Arias is claiming that the parole board did not follow the correct procedures, he is alleging only a violation of state law. "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Ground 2 is without merit on its face. Reasonable jurists would not find this conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability for ground 2.

---

[1] Arias cited the reversed decision of the Fifth Circuit. (ECF No. 1-1 at 3.) The Court has corrected the citation to the Supreme Court's decision.

### C. Ground 3 is without merit

Arias styles ground 3 as a violation of the Eighth Amendment's guarantee against cruel and unusual punishments and the Fourteenth Amendment's guarantee of due process. However, he alleges that the executive secretary of the parole board may deny a request for reconsideration without submitting the request to the board itself. Again, Arias is alleging only a violation of state law, which is not addressable in federal habeas corpus. *Harris*, 465 U.S. at 41.

Ground 3 is without merit on its face. Reasonable jurists would not find this conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability for ground 3.

### D. The Court denies the motion for appointment of counsel

Arias has filed a motion for appointment of counsel (ECF No. 7). The Court denies this motion because the Petition is clearly without merit on its face.

## IV. CONCLUSION

It is therefore ordered that the motion for appointment of counsel (ECF No. 7) is denied.

It is further ordered that the Clerk of the Court file the petition for a writ of habeas corpus (ECF No. 1-1).

It is further ordered that the petition for a writ of habeas corpus is denied. The Clerk of the Court will enter judgment accordingly and close this action.

It is further ordered that that the Clerk shall add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

It is further ordered that the Clerk shall electronically serve upon Respondents a copy of this order and the petition. No response is necessary.

DATED THIS 25th day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE